1  RACHEL LEDERMAN (SBN 130192)
   Rachel Lederman & Alexis C. Beach
2  Attorneys at Law
3  558 Capp Street
   San Francisco, CA  94110
4  Telephone: 415.282.9300; Facsimile: 415.285.5066
   Email:  rachel@beachledermanlaw.com
5
   Attorneys for Plaintiffs
6  JACOB CRAWFORD and DAVID MORSE

7                UNITED STATES DISTRICT COURT
8
                 NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| JACOB CRAWFORD and DAVID MORSE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND; CHIEF SEAN WHENT, DEPUTY CHIEF DAVID DOWNING, SGT. DARRIN DOWNUM, SGT. MARK RHODEN, OFFICERS MELISSA BADDIE, WILLIAM BERGERON, JOSEPH FONG, and KRISTINA TIKKANEN, individually and in their official capacities; and DOES 1 – 50, inclusive,<br><br>Defendants. | CASE NO. 3:14-cv-3003<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS**<br><br>**42 U.S.C. § 1983**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT
*Crawford v. City of Oakland, et al.,* Case No. 3:14-cv-3003  1

# I. INTRODUCTION

1. This is a civil rights complaint arising from the Oakland Police Department's wrongful detention and ticketing of two journalists, JACOB CRAWFORD and DAVID MORSE, in retaliation for their attempts to document police actions in connection with political demonstrations against police brutality.

2. On July 19, 2013, as a rally protesting George Zimmerman's acquittal for killing Trayvon Martin was beginning in downtown Oakland, Plaintiff JACOB CRAWFORD photographed the police and asked officers' identities. While Plaintiff was engaged in this lawful, constitutionally protected activity, Defendant Sgt. DAVID DOWNUM detained him, directed Officer MELISSA BADDIE to write him a groundless citation for "jaywalking", and at one point had him handcuffed.

3. On January 13, 2014, Plaintiffs JACOB CRAWFORD and DAVID MORSE were on their way home from an announced demonstration in response to the acquittal of police officers who killed Kelly Thomas, traveling by bicycle, when Defendant Officers KATHERINE TIKKANEN and JOSEPH FONG, operating on orders from Defendant Officer WILLIAM BERGERON, detained them at San Pablo Avenue and Thomas Berkley Way, Oakland, and gave them each a citation for supposedly running a red light.

4. Neither Plaintiff had violated the Vehicle Code or any other law, and there was no probable cause to detain or cite Plaintiffs on either of these

COMPLAINT
*Crawford v. City of Oakland, et al.,* Case No. 3:14-cv-3003 2

occasions. Rather, the citations were given pursuant to an Oakland Police policy to selectively ticket demonstrators, journalists and "copwatchers", in order to gather personal information and deter participation in demonstrations and documentation of police misconduct.

5. Defendants' actions deprived Plaintiffs of their rights to freedom of speech, freedom of association, and freedom of the press; to be free from unreasonable searches and seizures; to equal protection of the laws and to due process of law; and to personal liberty and freedom of movement, all guaranteed by the United States Constitution.

## II. JURISDICTION AND VENUE

6. This action arises under Title 42 of the United States Code, §1983. This Court has jurisdiction over the action under 28 U.S.C. §§1331 and 1343. It has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

7. Venue properly lies within this District under 28 U.S.C. § l391(b). The named Defendants perform their official duties in this District, and the events and omissions giving rise to Plaintiff's claims occurred in this District.

8. Plaintiffs have filed administrative claims with the City of Oakland in compliance with California Government Code §§ 910 et seq. The claim regarding the July, 2013, incident has been denied. Plaintiffs expect the claim regarding the January, 2014, incident, to soon be denied expressly or by operation of law.

## III. INTRADISTRICT ASSIGNMENT

9. Pursuant to Local Rule 3-2, this action may properly be assigned to the San Francisco or Oakland divisions of this Court.

## IV. THE PARTIES

### Plaintiffs

10. Plaintiffs JACOB CRAWFORD and DAVID MORSE are adult citizens of the United States and residents of Oakland, California.

11. Plaintiffs are independent journalists who have published numerous works exposing misconduct by Oakland Police personnel. Plaintiff JACOB CRAWFORD is also a videographer who has produced videos dealing with Oakland police misconduct, and is employed by a law firm that represents plaintiffs in police misconduct litigation.

### Defendants

12. Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

13. Defendant SEAN WHENT was the Chief of Police for the City of Oakland at the time of the subject incidents, who participated in the supervision of the police conduct complained of.

14. Defendant DAVID DOWNING was a Deputy Chief of Police for the City of Oakland at the time of the subject incidents who participated in the supervision of the police conduct complained of.

COMPLAINT
*Crawford v. City of Oakland, et al.,* Case No. 3:14-cv-3003  4

15. Defendants DARRIN DOWNUM and MARK RHODEN were Sergeants of Police for the City of Oakland at the time of the subject incidents, who participated in the supervision and execution of the police conduct complained of.

16. Defendants MELISSA BADDIE, WILLIAM BERGERON, JOSEPH FONG, and KRISTINA TIKKANEN, were Police Officers for the City of Oakland at the time of the subject incidents, who participated in the police conduct complained of.

17. All of the individual Defendants are being sued in their individual and official capacities.

18. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. The Doe defendants include other individuals who supervised and/or participated in the conduct complained of herein. Plaintiffs are informed and believe and therefore allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly,

or whether based upon agency, employment, or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

19. In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment.

20. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

21. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

## V. FACTUAL ALLEGATIONS

### A. *The July 19, 2013, ticket (Crawford)*

22. On July 19, 2013, Plaintiff JACOB CRAWFORD, a journalist and videographer who was carrying his OPD issued press pass, went to a political demonstration in downtown Oakland protesting the verdict acquitting the man who killed Trayvon Martin. Near the beginning of the planned rally, Plaintiff CRAWFORD photographed the police who were present and asked a number of officers to identify themselves.

23. While Plaintiff CRAWFORD was engaged in this lawful First Amendment activity in the 500 block of 14th Street where there were a number of officers and police vehicles, Defendant Sgt. DARRIN DOWNUM detained him, and directed Defendant Officer MELISSA BADDIE to give

him a citation for violation of California Vehicle Code § 21950(b) ("jaywalking").

24. At no point had Plaintiff CRAWFORD violated California Vehicle Code § 21950(b), and Defendants had no reasonable suspicion to detain him or probable cause to cite him for that or any other offense.

25. When Plaintiff CRAWFORD initially signed the citation in a hasty manner, Defendant DOWNUM ordered BADDIE to arrest him. BADDIE then restrained Plaintiff with handcuffs, without justification, for several minutes. He was ultimately released at the scene with the traffic citation.

26. Plaintiff CRAWFORD was forced to retain counsel to defend him in traffic court. The traffic court eventually dismissed the citation.

27. Plaintiff is informed and believes that he was cited pursuant to an Oakland Police directive to cite demonstrators for traffic infractions as a means of deterring political protest and gathering personal information on political protesters, and that he was specifically targeted for citation to retaliate against him and deter him from documenting police misconduct and engaging in journalism critical of the police.

### B. *The January 13, 2014, tickets (Crawford and Morse)*

28. On January 13, 2014, Plaintiffs JACOB CRAWFORD and DAVID MORSE met to go to an announced political demonstration in response to the verdict in the Kelly Thomas police killing, intending to videotape, photograph, and report on the event for Indybay.org.

29. When Plaintiff CRAWFORD left his home in West Oakland about 8pm, traveling by bicycle, he noticed a police van slow down as if the officers were looking at him.

30. Plaintiffs CRAWFORD and MORSE arrived in the Frank Ogawa Plaza area near 14th and Broadway around 8:15pm, but it did not appear the demonstration was occurring, so within about half an hour they headed back toward West Oakland on their bikes. As Plaintiffs left the Plaza, they noticed an unmarked SUV stopped in the middle of 16th Street with its lights off, blocking other vehicles from going through the intersection. When Plaintiffs entered San Pablo Avenue, the SUV began following them, still with its lights off.

31. Plaintiffs continued north on San Pablo Avenue by bicycle, aware that the SUV was a police vehicle and obeying all traffic signals.

32. At some point the unmarked SUV passed Plaintiffs, cut directly in front of them in an unsafe manner, and then turned onto 20th Street/ Thomas Berkley Way, and made a U-turn so that it was facing westbound.

33. After proceeding through the intersection, Plaintiffs stopped, intending to ask the driver of the SUV his identity. But before Plaintiffs could do so, a marked police van pulled up behind them, and Defendant Officers JOSEPH FONG and KRISTINA TIKKANEN got out. TIKKANEN told Plaintiffs that they had run the red light at 20th Street and Defendants gave both Plaintiffs citations for violation of California Vehicle Code § 21453(a).

34. Plaintiffs had not run the red light. Although TIKKANEN had initially said "we saw you" run the red light, eventually Officer FONG told Plaintiffs that it was Defendant Officer BERGERON who had directed FONG and TIKKANEN to cite Plaintiffs for supposedly running the light.

35. Plaintiffs requested a supervisor come to the scene and Defendant Sgt. MARK RHODEN arrived. RHODEN approved the citation.

36. Plaintiffs were forced to retain counsel to defend them in traffic court. The traffic court eventually dismissed the citations.

37. Plaintiffs are informed and believe that they were cited pursuant to an Oakland Police directive to cite demonstrators for traffic infractions as a means of deterring political protest and gathering personal information on political protesters, and that they were specifically targeted for citation to retaliate against them and deter them from documenting police misconduct and engaging in journalism critical of the police.

## VI. REQUISITES FOR RELIEF

38. Plaintiff is informed and believe that the violations of the plaintiff's constitutional and lawful rights complained of herein were caused by customs, policies, directives, practices, acts and omissions of authorized policy makers of defendant CITY OF OAKLAND, including Chief SEAN WHENT and other supervisory officials of the OPD and the CITY OF OAKLAND, who encouraged, authorized, directed, condoned, and ratified the unconstitutional and unlawful conduct complained of herein. Said customs, policies and practices include, but are not limited to the use of

COMPLAINT
*Crawford v. City of Oakland, et al.,* Case No. 3:14-cv-3003  9

wrongful and selective traffic citations to deter First Amendment activity; the failure to maintain adequate policies, and to adequately train, supervise and control OPD officers concerning the requirement of probable cause for citation, concerning the rights of journalists and the public to photograph, film and otherwise document the police, concerning the policing of demonstrations and other expressive activities; the repeated failure to fully implement and enforce the reforms mandated by the Negotiated Settlement Agreement in *Delphine Allen v. City of Oakland, et al.,* Case No. C00-4599 TEH; the failure to adopt and fully implement an appropriate early warning system; policies, practices and customs which encouraged officers to conceal their own misconduct and misconduct by their colleagues and/or which encouraged them to collaborate on accounts of incidents where the rights of citizens were violated; the repeated failure by City of Oakland high ranking officials, police department managers and/or supervisors to hold officers accountable for violating the rights of citizens; and/or other customs, policies and/or practices subject to continuing discovery.

39. Plaintiff is informed and believes that Defendants WHENT, DOWNING, DOWNUM and RHODEN, and DOES 1-50 and/or each of them, caused the violation of the Plaintiffs' federal constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision and/or discipline of the City of Oakland Police personnel assigned to the subject incident,

COMPLAINT
*Crawford v. City of Oakland, et al.,* Case No. 3:14-cv-3003 10

including, but not limited to, Defendants BADDIE, BERGERON, FONG, TIKKANEN, and DOES 1-50, and/or each of them, to prevent the foreseeable violation of Plaintiffs' federal constitutional rights.

40. As a direct and proximate result of the conduct of Defendants described herein, Plaintiffs have been denied their constitutional, statutory and legal rights as stated below, and have suffered general and special damages, including but not limited to, attorney's fees and costs for defense of the traffic citations, mental and emotional distress, humiliation, embarrassment, discomfort, fear, anxiety and other damages in an amount according to proof.

41. The individual defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard and deliberate indifference for plaintiff's rights.

42. Plaintiffs have incurred, and will continue to incur, attorneys' fees and costs in amounts to be determined according to proof.

### VII. CLAIMS FOR RELIEF

**ONE - VIOLATION OF FOURTH AMENDMENT (42 U.S.C. § 1983)**

43. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

44. Defendants' above-described conduct violated Plaintiffs' rights to be free from unreasonable detention and citation without probable cause, under the Fourth Amendment to the United States Constitution.

**TWO - VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)**

45. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

46. Defendants' above-described conduct violated Plaintiffs' rights to freedom of speech, freedom of association, and freedom of the press, under the First Amendment to the United States Constitution.

## THREE - VIOLATION OF FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

47. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

**48.** Defendants' above-described conduct violated Plaintiffs' rights to not be deprived of liberty without due process of law, and to equal protection of the laws, and to personal liberty and freedom of movement, under the Fourteenth Amendment to the United States Constitution.

## FOUR – CALIFORNIA CONSTITUTION, Art. I, § 1

49. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

50. Defendants' above-described conduct, including the collecting of information concerning Plaintiffs, violated Plaintiffs' right to privacy under article I, section 1 of the California Constitution.

## FIVE – FALSE ARREST

51. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

52. Plaintiffs were detained and cited without reasonable suspicion and without probable cause to believe that they committed any crime or violation.

## SIX – ABUSE OF PROCESS

53. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

54. Defendants cited Plaintiffs when they knew that Plaintiffs had not violated the law, for an improper purpose and to perpetrate an injustice, to deter and retaliate against them for their lawful First Amendment activity.

## SEVEN – MALICIOUS PROSECTION

55. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

56. Defendants maliciously pursued traffic citations against Plaintiffs without lawful justification for the wrongful purpose of deterring and retaliating against their lawful First Amendment activity.

57. Plaintiffs' citations were dismissed by the Alameda County Superior Court.

## EIGHT - VIOLATION OF CALIFORNIA CIVIL CODE § 51.7

58. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

59. Defendants' above-described conduct violated Plaintiffs' rights to be free from violence and intimidation by threat of violence because of their

COMPLAINT
*Crawford v. City of Oakland, et al.,* Case No. 3:14-cv-3003 13

actual or perceived political affiliation and/or viewpoint, in violation of California Civil Code section 51.7.

### NINE - VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

60. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

61. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

### VIII. JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general and special damages to be determined according to proof;

2. For punitive damages against the individual defendants, and/or each of them, to be determined according to proof;

COMPLAINT
*Crawford v. City of Oakland, et al.,* Case No. 3:14-cv-3003 14

3. For statutory damages and exemplary damages pursuant to Cal. Civil Code §§ 52 and 52.1, to be determined according to proof, and to a $25,000 civil penalty per violation pursuant to Cal. Civil Code § 52;

3. For attorneys' fees pursuant to 42 U.S.C. § 1988 and Cal. Civil Code §§ 52 and 52.1, and/or other authorities, to be determined according to proof;

5.  For costs of suit;

6.  For pre- and post-judgment interest as permitted by law;

7.  For such other and further relief as the Court may deem just and proper.

## X. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: June 30, 2014                    ___/S/_____
                                        RACHEL LEDERMAN
                                        Attorney for Plaintiffs

COMPLAINT
*Crawford v. City of Oakland, et al.,* Case No. 3:14-cv-3003   15